UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL K. DILLEY, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 1:23-cv-00523-JPH-KMB |
| DENNIS REAGLE, et al., | ) |
| Defendants. | ) |

**ORDER GRANTING MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Daniel Dilley, personal representative of the wrongful death estate of Michael J. Bennett, filed this 42 U.S.C. § 1983 action based on allegations that Mr. Bennett died in the custody of the Indiana Department of Correction (IDOC) due to complications from contracting Legionnaires' disease from contaminated water at Pendleton Correctional Facility. Dkt. 31. Now before the Court is Plaintiff's motion for leave to file a second amended complaint.

For the reasons explained below, Plaintiff's motion, dkt. [51], is **GRANTED**. Plaintiff shall file the Second Amended Complaint as proposed at dkt. 51-1 **within three (3) days** of this Order.

**I. BACKGROUND**

Plaintiff's First Amended Complaint, filed on June 27, 2023, named five IDOC defendants: Warden Dennis Reagle, Executive Director of Construction Services Kevin Orme, Southern Regional Director Jeffery Meece, Deputy Warden Chris Ertel, and Physical Plant Director Vincent Stanley (collectively referred to as "IDOC defendants").[1] Dkt. 31. Plaintiff also named medical

---
[1] Official capacity claims have been dismissed against IDOC defendant Vincent Stanley. Dkt. 46.

defendant Centurion Health of Indiana, LLC (Centurion), and the Town of Pendleton, Indiana (Town of Pendleton).[2] *Id.* Plaintiff raised state-law negligence claims, as well as constitutional conditions of confinement and deliberate indifference claims. *Id.*

Plaintiff now seeks to file a second amended complaint which continues to name IDOC defendants Warden Dennis Reagle, Kevin Orme, Jeffery Meece, Chris Ertel, and Vincent Stanley, and seeks to add additional IDOC employees William Callahan, Bobby Latour, and Andy Bagineski. Dkt. 51-1. Plaintiff continues to name medical defendant Centurion, and seeks to add a Centurion employee, Nurse Danielle Stasiak. *Id.* Plaintiff also seeks to name new parties: Chris Nancrede; Nancrede Engineering Company, Inc. (Nancrede Engineering); Aqua Indiana, Inc. (Aqua Indiana); and the Town of Ingalls, Indiana (Town of Ingalls). *Id.* Plaintiff's proposed amended pleading asserts state law negligence claims, as well as constitutional claims pertaining to conditions of confinement and deliberate indifference. *Id.*

Pursuant to the approved Case Management Plan for this action, the parties' deadline to seek leave to amend the pleadings and/or to join additional parties was August 27, 2023. Dkt. 29. Plaintiff did not file his motion until November 16, 2023. Dkt. 51. The IDOC defendants and Centurion have filed responses in opposition to that motion. Dkt. 52; dkt. 53. Plaintiff's counsel represented to the Court that he conferred with the defendants' counsel on November 14, 2023, after conclusion of the deposition of IDOC defendant Kevin Orme, about filing an amended pleading, and that opposing counsel "did not offer opposition" to Plaintiff's intent to file such motion. Dkt. 51 at 2. However, the respective oppositions of the IDOC defendants and Centurion argue that their counsel communicated to Plaintiff's counsel only that they did not oppose the

---

[2] On October 31, 2023, the Court acknowledged the parties' partial stipulation of dismissal of claims against the Town of Pendleton. Dkt. 49.

addition of Aqua Indiana and the Town of Ingalls. Dkts. 52 and 53. The defendants argue that Plaintiff's counsel did not represent to them his intent to add parties other than Aqua of Indiana and the Town of Ingalls. Dkt. 52 at 3; dkt. 53 at 1-2. Plaintiff's counsel contends in reply that he "fully intended to recite the full list of additional defendants to be added in the discussion with opposing counsel and thought he did so," and "[t]o the extent that any of the proposed defendants were omitted in the, or that there was a miscommunication between the parties, neither was the intention."[3] Dkt. 54 at 2-3.

At a Telephonic Status Conference on November 28, 2023, the Parties provided additional context and argument related to Plaintiff's amendment request. The Court directed the parties to meet and confer to discuss the completion of remaining discovery, to evaluate the feasibility of the current discovery deadlines in this action, and to file a joint report regarding those items. Dkt. 56. The parties timely filed a joint status report and a joint motion to extend Case Management Plan deadlines by 90 days. Dkt. 57 (joint report and motion filed on Dec. 5, 2023). The Court granted the parties' motion for extension in relevant part, such that liability discovery is now due by April 26, 2024, and dispositive motions are now due by June 25, 2024. *See* dkt. 58 (Dec. 11, 2023, Order Extending Deadlines).

The Court, having reviewed the parties' briefing on Plaintiff's motion for leave to file a second amended complaint and the parties' joint status report related to Case Management Plan deadlines, now considers Plaintiff's motion fully briefed and ripe for resolution.

---

[3] Further, Plaintiff's counsel apologized for any misunderstanding and states he "would not attempt to bind defendants to their agreement to not object as to any defendant inadvertently omitted from the discussion." Dkt. 54 at 3. Based on Plaintiff's counsel's representations, the Court concludes that a misunderstanding likely occurred and does not find that Plaintiff's counsel intentionally misrepresented the content of his conversations with defense counsel to the Court.

## II. LEGAL STANDARD

Generally, a motion for leave to amend a pleading is evaluated under Federal Rule of Civil Procedure 15(a)(2). In cases where that subsection of the rule applies, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when a party seeks leave to amend a pleading after the deadline to do so established by the applicable case management plan has passed, a "heightened good-cause standard" from Rule 16(b)(4) applies before the court considers whether the requirements of Rule 15(a)(2) are satisfied. *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (citation omitted). The heightened good cause standard articulated in Rule 16(b)(4) primarily considers the diligence of the party seeking the amendment to determine whether good cause has been established. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citation omitted). The movant bears the burden to establish its diligence under Rule 16(b)(4). *Id.*

If a party demonstrates the heightened good cause standard of Rule 16, the party seeking leave to amend must also show that the amendment is proper under Rule 15. *Adams*, 742 F.3d at 733-34; *see also Tristate Bolt Co. v. W. Bend Mut. Ins. Co.*, 2020 WL 503036, at *2 (N.D. Ind. Jan. 31, 2020). "Leave to amend is only appropriate where there is no undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *HMV Indy I, LLC v. Inovateus Solar, LLC*, 2020 WL 9607043, at *2 (S.D. Ind. Mar. 12, 2020) (citing *Tristate Bolt Co.*, 2020 WL 503036, at *2); *see also Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991)). Whether to grant or deny leave

4

to amend is a matter of discretion left to the district court. *Id.* (applying an abuse of discretion standard when analyzing the district court's decision to deny a party's motion for leave to amend).

### III. DISCUSSION

Plaintiff argues that he "must file this Second Amended Complaint because, after conducting discovery, he has learned of additional parties that are employed at Pendleton Correctional Facility and Centurion Health of Indiana, LLC, that were involved in the care and custody of Bennett[.]" Dkt. 51 at 2. Further, Plaintiff argues that filing a second amended complaint at this juncture "would not prejudice Defendants and is not offered in bad faith." *Id.*

Centurion argues that Plaintiff's motion is untimely, noting that the IDOC defendants' initial disclosures served on July 27, 2023, included Mr. Bennett's medical records and other documents that made Nurse Stasiak's name available to Plaintiff as a nurse involved in Mr. Bennett's medical care. Dkt. 52 at 1-2. Centurion argues that its initial disclosures, served on August 1, 2023, also included medical records identifying Nurse Stasiak. *Id.* at 2. Centurion argues that Plaintiff did not serve it with any discovery requests, and none of the individuals deposed by Plaintiff's counsel mentioned Nurse Stasiak, so there was "no new information gained 'after conducting discovery' that added to Plaintiff's knowledge of Danielle Stasiak that was not known to Plaintiff" prior to the August 27, 2023, deadline to amend pleadings and to add parties. *Id.* at 5. Centurion objects to any amendment of the pleadings to add Nurse Stasiak or any other Centurion provider as a defendant. *Id.* at 5.

The IDOC defendants object to the addition of IDOC employees William Callahan, Bobby Latour, and Andy Bagienski. Dkt. 53. They take no position as to Plaintiff's request to add Nurse Stasiak, Chris Nancrede, and Nancrede Engineering. *Id.* They do not object to Plaintiff's request to add Aqua Indiana and the Town of Ingalls. *Id.* The IDOC defendants similarly argue that

5

Plaintiff's motion is untimely, and that Plaintiff has not attempted "to show how additional discovery led to the identification of William Callahan, Bobby Latour, and Andy Bagienski as potential defendants." *Id.* at 3.

Plaintiff argues that "preparation for the recently conducted depositions made clear that additional parties may be necessary to dispense justice in this case," and that the "volume of documents produced" in this case and "the scheduling difficulties inherent in coordinating numerous busy trial calendars," made amending the pleadings by August 27, 2023, unfeasible. Dkt. 54 at 3. Further, Plaintiff argues that the defendants will not be prejudiced by any amendment because he seeks to bring claims against employees of already named defendants and asserts no new legal theories. *Id.* at 4.

The defendants' objections primarily focus on the fact that Plaintiff's motion was filed after the case management deadline to do so, and they argue that Plaintiff has not provided good cause for now seeking leave to amend. The Court will address Plaintiff's motion first with regard to adding the new private actor defendants and then with regard to adding the new parties who are affiliated with the existing medical and IDOC state defendants.

Given both the recent stipulation of dismissal of the Town of Pendleton[4] and various depositions conducted in November 2023, the Court finds it reasonable that Plaintiff did not learn about potential new parties Aqua Indiana, Town of Ingalls, Nancrede Engineering, and Chris Nancrede, until significant discovery in this case had been completed.  These parties are private actors that Plaintiff now alleges were responsible for maintenance and treatment of the water supply system or were responsible for remediation of the legionella outbreak at Pendleton

---

[4] Plaintiff's first amended complaint filed on June 27, 2023, alleged that the Town of Pendleton "was charged with the maintenance and treatment of its water supply system and is sued for actions and omissions made under color of law." Dkt. 31 at 3.

Correctional Facility, and it is not clear how Plaintiff could have known about their potential involvement sooner. Dkt. 51-1 at 5. Therefore, the Court finds Plaintiff has met the heightened good cause standard under Rule 16 to amend his complaint to add these parties.

Plaintiff's diligence in seeking to amend his pleading to include Nurse Stasiak and IDOC defendants William Callahan, Bobby Latour, and Andy Bagienski is less clear to the Court. There is evidence that some of these defendants' names were either noted in the initial disclosures or present in certain discovery produced ahead of the pleadings amendment deadline. That said, the presence of a name in initial disclosures or in certain discovery in and of itself is not enough to give rise to a viable claim against that person such that a plaintiff should always seek leave to amend at that time. Context and timing matters, and while Plaintiff surely could have done a better job in his motion explaining why he could not reasonably have sought leave to amend earlier than he did, the Court finds that while this situation presents a close call, in the interests of justice, Plaintiff has met the heightened good cause standard under Rule 16 with regard to these defendants, particularly in light of the jointly agreed upon recently extended deadlines.

Because Plaintiff has met the heightened good cause standard of Rule 16, the Court now turns to whether the amendment is proper under Rule 15. *Adams*, 742 F.3d at 733-34. As previously stated, "[l]eave to amend is only appropriate where there is no undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *HMV Indy*, 2020 WL 9607043, at *2.

After analyzing the Parties' briefs on this issue and in light of additional context provided to the Court at a Telephonic Status Conference on November 28, 2023, the Court finds that Plaintiff has also met the amendment standard under Rule 15. The Court finds that Plaintiff's amendment

7

request was not the result of undue delay, bad faith, or dilatory motive. Defendants do not argue that the amendment itself is futile, and Plaintiff's proposed amended complaint does not assert legal claims or theories not previously present in this litigation. Instead, it seeks to add new parties that Plaintiff believes are necessary to this litigation. For these reasons, the Court exercises its discretion to allow Plaintiff to amend his complaint.

## V. CONCLUSION

For the reasons discussed above, Plaintiff's motion for leave to file a second amended complaint, dkt. [51], is **GRANTED**. Plaintiff shall file the Second Amended Complaint as proposed at dkt. 51-1 **within three (3) days** of this Order. Plaintiff is responsible for serving any defendants who have not already appeared in this action consistent with Federal Rule of Civil Procedure 4(m), and he is **ORDERED** to do so as **PROMPTLY** as possible. Defendants should answer or otherwise respond to the second amended complaint within the time allowed under the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date: 1/22/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Laura K. Binford
RILEY BENNETT EGLOFF LLP
lbinford@rbelaw.com

Daniel Sherwood Chamberlain
COHEN & MALAD LLP
dchamberlain@cohenandmalad.com

Jaclyn Michelle Flint
RILEY BENNETT EGLOFF LLP
jflint@rbelaw.com

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com